UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

05 11636 NMG

| | |
|---|---|
| SARUP TANNERIES, LTD., A CORPORATION, | ) ) ) ) MAGISTRATE JUDGE |
| Plaintiff, | ) ) |
| v. | ) COMPLAINT ) |
| OPS SALES, INC., A CORPORATION, | ) ) ) |
| Defendant. | ) ) |

RECEIPT #
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 8/5/05

### Parties.

1. At all times relevant to the Complaint, the Plaintiff, Sarup Tanneries Ltd. (hereinafter referred to as "Sarup" and/or "Plaintiff") is a duly registered corporation organized and registered pursuant to the laws of the country of India with a duly registered place of business located at Unit II, Plot No. 141, Ramdaspura, Jalandhar, India; Sarup is a manufacturer of shoes and other leather goods, does substantial business in the Commonwealth of Massachusetts and exports shoes and leather goods to wholesalers in the United States and other countries.

2. At all times relevant to the Complaint, the Defendant, OPS Sales, Inc. (hereinafter referred to as the "Defendant" and/or "OPS") is a duly registered Massachusetts Corporation with a principle place of business located at 285 Circuit St. in Hanover, Massachusetts, 02339; OPS is a wholesaler and distributor of shoes.

### Jurisdiction and Venue.

4.      This Court has original jurisdiction over the claims stated herein pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Venue is proper within this District based on 28 U.S.C. § 1391(a) in that the Defendant resides in the District and all of the claims which form the subject matter of this action arose within this District.

**Background Facts.**

6.      At all times relevant to the Complaint, between April 1 and June 30, 2002, Sarup manufactured certain footwear (the "goods") as per OPS instructions and shipped said footwear to OPS pursuant to certain purchase orders.

7.      At all times relevant to the Complaint, Sarup tendered delivery of the goods and provided OPS with reasonable opportunity to inspect the goods.

8.      At all times relevant to the Complaint, OPS was to make payment to Sarup not later than 75/ 60 days of the date indicated on each of the bill of exchange and invoices submitted by Sarup to OPS with each shipment of goods; each documentary draft consists of one bill of exchange, one bill of lading/ airway bill & one invoice.

9.      At all times relevant to the Complaint, OPS represented to Sarup that it had an account with Presidential Financial Corporation ("Presidential") in Rockland, Massachusetts and agreed to make payments to Sarup through its bank in India (Punjab & Sind Bank, IBD, Jalandhar) through its account with Presidential.

10.     At all times relevant to the Complaint, as per OPS instructions to Sarup, there were two bills of exchange issued against OPS's account with South Coastal Bank ("South Coastal") in Rockland, Massachusetts for the last two of the five shipments of goods delivered to OPS.

11. At all times relevant to the Complaint, OPS has dishonoured each of the three bills of exchange issued by Sarup against its account with Presidential and two bills of exchange issued by Sarup against its account with South Coastal while OPS managed to clear the shipments.

12. At all times relevant to the Complaint and to date, OPS has not paid Sarup for the five shipments.

13. Upon information and belief and at all times relevant to the Complaint, OPS took custody and control of the five shipments of goods and sold said goods to certain third parties.

14. At all times relevant to the Complaint, exclusive of interest, cost & other incidental charges, OPS owes to Sarup the total sum of USD $120,726.20.

15. At all times relevant to the Complaint, the five seperate Purchase Orders/ Invoices at issue in this case are as follows:

| Inv. No. | Date | Amount In US $ | AWB/ Bill of Lading No. | Date | Name of Consignee Bank |
|---|---|---|---|---|---|
| 4482 | 23.05.02 | 30360.00 | G 020001 | 28.05.2002 | Presidential Fin. Corp |
| 4491 | 12.06.02 | 29330.40 | G 020004 | 17.06.2002 | Presidential Fin. Corp. |
| 4496 | 03.07.02 | 29040.00 | G 020005 | 08.07.2002 | Presidential Fin. Corp. |
| 4497 | 06.07.02 | 14117.40 | G 020006 | 23.07.2002 | South Coastal Bank. |
| 4499 | 10.07.02 | 27878.40 | G 020007 | 23.07.2002 | South Coastal Bank |

## COUNT I: BREACH OF CONTRACT

16. Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

17. At all times relevant to the Complaint, a valid and binding contract was entered into between the parties each time the Plaintiff and Defendant agreed to the transactions,

in relevant part, set forth above, pursuant to which OPS had a duty to compensate the Plaintiff pursuant to the terms and conditions set forth in the purchase order agreements.

18. At all times relevant to the Complaint, OPS breached its duty to the Plaintiff by failing to provide certain compensation to the Plaintiff in accordance with the parties' agreement.

19. At all times relevant to the Complaint and as a result of OPS's breach of its duty to Sarup, the Plaintiff has been harmed.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant for all damages incurred as a result of Defendant's breach of contract including, without limitation, all pre and post judgment interest and costs incurred therein.

## U.C.C., ARTICLE TWO

20. Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

21. At all times relevant to this Complaint, pursuant to Mass. Gen. Law c. 106, s. 2-204 including, without limitation, the conduct at issue between the parties, the parties entered into a valid and binding agreement, in relevant part, the terms of which are set forth above.

22. At all times relevant to this Complaint, pursuant to Mass. Gen. Law c. 106, s. 2-606, the Defendant accepted the goods sold and delivered by the Plaintiff set forth above having had a reasonable time to reject the same in accordance with said chapter.

23. At all times relevant to this Complaint, pursuant to Mass. Gen. Law c. 106, s. 2-709, the Defendant is in breach of the parties' agreement entitling the Plaintiff to the price of the goods sold and all incidental damages incurred therein.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant for all damages incurred as a result of Defendant's breach of contract and violation of various sections of Mass. Gen. Law c. 106 including, without limitation the price of the goods sold by the Plaintiff, all incidental damages incurred therein, all interest obtained from any judgment and whatever this Court deems additionally just and proper.

## COUNT III: C. 93A

24. Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

25. At all times relevant to this Complaint, the Defendant's breach of its contract with the Plaintiff constitutes an unfair and deceptive act in violation of Section Two of Mass. Gen. Law c. 93A and Mass. Gen. Law c. 106, sections 2-301 and 2-606.

26. At all times relevant to this Complaint, the Defendant's violation of Mass. Gen. Law c. 93A was done so intentionally and willfully.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant for all damages incurred as a result of Defendant's breach of contract and violation of Mass. Gen. Law c. 93A including, without limitation, treble damages, all pre and post judgment interest and costs incurred therein.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts set forth herein.

                                            Respectfully submitted,
                                            On behalf of SARUP TANNERIES LTD.,
                                            Counsel for Plaintiff,

Dated: July 28, 2005

                                            _____
                                            Jerrold G. Neeff
                                            The Bostonian Law Group
                                            33 Kingston St., Fourth Fl.
                                            Boston, MA 02111
                                            (617) 338-1046
                                            Jerry@Bostonianlaw.com
                                            BBO# 635307

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sarup Tanneries Ltd. v. OPS Sales, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [✔] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]   NO [✔]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [✔]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jerrold G. Neeff/ The Bostonian Law Group__
ADDRESS __33 Kingston St., Fourth Fl., Boston, MA 02111__
TELEPHONE NO. __617-338-1046__

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sarup Tanneries, Ltd.

**(b)** County of Residence of First Listed Plaintiff: Country of India
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerrold G. Neeff/ The Bostonian Law Group
33 Kingston St., Boston, MA 02111/ (617) 338-1046

## DEFENDANTS
OPS Sales, Inc.

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1391(a)
Brief description of cause:
Breach of Contract; Sale of Goods; Mass. Gen. Law c. 93A

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $120,776 & TREBLE
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/28/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature] Jerrold G. Neeff

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____